1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

ADAM H.J.,

7
                              Plaintiff,
8
      v.
9
COMMISSIONER OF SOCIAL
SECURITY,
10
                              Defendant.

Case No. 3:21-cv-05088-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12      Plaintiff has brought this matter for judicial review of defendant's denial of his

13   application for child disability insurance benefits.

14      The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13.

17                          I.      <u>ISSUES FOR REVIEW</u>

18      A. Did the ALJ Properly Evaluate the Medical Opinion Evidence?

19      B. Does New Evidence Submitted to the Appeals Council Affect the ALJ's

20   Determination?

21                          II.      <u>BACKGROUND</u>

22      On April 12, 2018, Plaintiff filed an application for child disability insurance

23   benefits, alleging in that application a disability onset date of January 1, 2016.

24   Administrative Record ("AR") 24. Plaintiff's application was denied upon official review

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

and upon reconsideration. AR 86, 101. A hearing was held before Administrative Law

Judge ("ALJ") Cynthia Rosa on April 6, 2020, followed by a supplemental hearing before

the same ALJ on June 11, 2020. AR 42–67, 68–85. On June 25, 2020, the ALJ issued a

decision finding that Plaintiff was not disabled. AR 21–41. On December 8, 2020, the

Social Security Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff seeks judicial review of the ALJ's decision. Dkt. 5.

### III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.    DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable

impairments of myotonic muscular dystrophy, neurodevelopmental disorder, learning

disorder in reading and written expression, attention deficit hyperactivity disorder

("ADHD"), and other specified anxiety and depressive disorders. AR 27. Based on the

limitations stemming from these impairments, the ALJ found that Plaintiff could perform

a reduced range of light work. AR 29. Relying on vocational expert ("VE") testimony, the

ALJ found at step four that Plaintiff had no past relevant work, but also found Plaintiff

could perform other light, unskilled jobs at step five of the sequential evaluation; leading

the ALJ to conclude at step five that Plaintiff was not disabled. AR 34–35.

**A. Whether the ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of a medical opinion from Plaintiff's treating pediatrician, Richard Barsotti, M.D. Dkt. 20, p. 12. In addition, Plaintiff alleges that new evidence presented to the Appeals Council—a letter from treating physician Matthew Van Auken, M.D.—undermines the ALJ's decision. Dkt. 20, p. 10.

1. Medical Opinion Standard of Review

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration, for applications filed on or after March 27, 2017, changed the regulations applicable to evaluation of medical opinions. Hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. Under these regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also,* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). In addition, the 2017 regulations provide that physician's assistants are acceptable medical sources for providing opinions. 20 C.F.R. 404.1502(a)(8).

The Ninth Circuit has not yet considered the 2017 regulations, or whether the change in regulations will cause the Court of Appeals to reevaluate its holdings

1  regarding the legal standards of "clear and convincing" or "specific and legitimate"

2  reasons for an ALJ to reject medical opinions. The Ninth Circuit mentioned the pre-

3  March 27, 2017 regulations and found that its precedent in *Murray v. Heckler*, 722 F.2d

4  499, 501–02 (9th Cir. 1983), setting forth legal standards for treating and examining

5  doctors would be consistent with the C.F.R. provisions.  *See Lester v. Chater*, 81 F.3d

6  821, 830-833 (9th Cir. 1996); 20 C.F.R. §§ 404.1527, 416.927. The Ninth Circuit has

7  repeatedly held that an ALJ must have specific, legitimate reasons supported by

8  substantial evidence in order to reject or discount the opinion of an examining doctor if

9  the opinion is contradicted by another doctor's opinion. *See Lester*, 81 F.3d at 830–33;

10  *Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1198-99 (9th Cir. 2008).

11      The genesis of the "specific and legitimate" substantive legal standard is *Murray*

12  *v. Heckler*, at 501–02. In that case, the Ninth Circuit did not mention any regulations

13  promulgated by the Social Security Administration (the regulations that set forth different

14  ways of considering various types of doctor opinions were promulgated in 1991, 56 FR

15  36932-01, 1991 WL 142361). The Court reviewed precedent from other circuits and

16  determined that an ALJ's decision rejecting or discounting a treating physician's opinion

17  that conflicts with a physician who saw the patient only once, would need to meet the

18  following substantive legal standard: The ALJ's findings would be upheld if they are

19  based on reasons that are specific and legitimate. *Murray,* at 502. This "specific and

20  legitimate" standard is in addition to the requirement of substantial evidence. *Id.*

21  Therefore, the ALJ's explanation must be legitimate, as the Court will not affirm a

22  decision that is based on legal error or not supported by substantial evidence. *See*

23  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D. Wash. Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

2. Opinion of Dr. Barsotti

Richard Barsotti, M.D., Plaintiff's pediatrician until he reached adulthood, offered a letter describing the effects of Plaintiff's impairments on March 12, 2020. AR 696–97. Therein, he stated that Plaintiff's myotonic muscular dystrophy interfered with the function of multiple body systems: gastrointestinal irregularities caused Plaintiff to experience severe abdominal pain and cramping on a daily basis, hypersomnolence caused him to have difficulty concentrating on tasks, and intellectual and emotional

difficulties limited his ability to cope with other symptoms. AR 695. Dr. Barsotti stated that, if Plaintiff worked at a full-time job, he could be expected to miss more than two days of work per month due to his gastrointestinal symptoms alone. AR 696.

The ALJ did not find this opinion persuasive, reasoning that (1) his opinion did not address the period in issue, because Plaintiff transitioned to a different primary care provider at age 18; (2) the opinion was inconsistent with the medical record as a whole; (3) the opinion's credibility was undermined by Plaintiff's non-compliance with his medication regimen, and (4) it was also inconsistent with his part-time work experience. The ALJ's reasoning in finding this opinion unpersuasive was unsupported by substantial evidence, and the ALJ's reliance thereon was erroneous.

With respect to the ALJ's first reason, the ALJ found that the period at issue for the purpose of her disability determination began on Plaintiff's 18th birthday in January 2018. Plaintiff applied for child disability insurance benefits in April 2018, alleging disability beginning January 1, 2016. AR 24. As the ALJ found, pursuant to 20 C.F.R. § 404.350, the earliest month a child disability insurance benefits applicant can receive those benefits is the applicant's 18th birthday. But while the regulations set the earliest date an applicant can receive benefits, they "say nothing about when a claimant's disability actually begins." *Owen v. Colvin*, No.15-5933-KLS, 2016 WL 6080910 at *3 (W.D. Wash. Oct. 18, 2016).

Here, Plaintiff claimed he became disabled in 2016. Dr. Barsotti continued treating Plaintiff from 2016 into February 2018, before Plaintiff transitioned to a different primary care provider, but after the beginning of the relevant period, and rendered his opinion in March 2020. Thus, the opinion clearly describes Plaintiff's functioning within

the relevant period, and the ALJ did not make any finding that Plaintiff's condition

changed within this period. The ALJ erred in rejecting Dr. Barsotti's opinion on the basis

it did not describe Plaintiff's functioning within the relevant period.

With respect to the ALJ's second reason, an ALJ may reject a treating or

examining physician's opinion on the ground that it is not supported by objective

medical findings. *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989). Here, the

ALJ found Dr. Barsotti's opinion inconsistent with three physical exams and one

computerized tomography ("CT") scan that each showed mostly normal results, aside

from one of the physical exams showing mild left upper quadrant tenderness to

palpation. AR 35 (citing AR 612–17, 635–46, 673, 690). While the ALJ's factual

statements about the medical examination and CT scan findings were supported by the

record, those medical findings are not contrary to Dr. Barsotti's opinion regarding

Plaintiff's hypersomnolence, gastrointestinal tract issues, and intellectual and mental

limitations. Nor does the ALJ explain how a normal CT scan had any relationship to Dr.

Barsotti's opinion that Plaintiff would miss more than two days per month, experience

irregular yet severe abdominal pain, or have difficulty with concentration and

persistence. *See* AR 35, 696. Therefore, the ALJ's reasoning is not supported by the

record, and not legitimate because it relied on irrelevant data.

With respect to the ALJ's third reason, the ALJ also pointed to evidence of

Plaintiff's non-compliance with medication recommendations. AR 35 (citing AR 575,

673). An ALJ appropriately considers an unexplained or inadequately explained failure

to seek treatment or follow a prescribed course of treatment. *Tommasetti,* 533 F.3d at

1039. Yet the ALJ's citations to the administrative record in support of this finding do not

document an *unexplained* failure to comply with treatment recommendations—both

citations indicate that Plaintiff had a physical abnormality that prevented him from being

able to properly swallow – he did not take medications in pill form due to difficulty

swallowing. AR 575, 673. Thus, this reasoning was not supported by substantial

evidence.

      With respect to the ALJ's fourth reason, "[a]n ALJ may consider any work activity,

including part-time work, in determining whether a claimant is disabled." *Ford*, 950 F.3d

at 1156. Yet "the sporadic ability to work [is] not inconsistent with disability." *Lester*, 81

F.3d at 833. Here, Plaintiff stated that he worked part time at a security job, but left in

November 2019 after about three months. AR 49-51, 54-58. In the ALJ's decision,

Plaintiff's work was characterized as follows:

> [Plaintiff] was able to complete work shifts, concentrate and attend
> adequately during his shifts, and complete his duties both physically and
> mentally. . . . [T]he record indicates this work ended for reasons unrelated
> to [Plaintiff's] impairments, and although he testified as to days missed at
> this job due to his gastrointestinal issues, this does not appear to be a
> reason for discontinuing this work.

AR 35.

      The ALJ's discussion of this work activity does not show any inconsistency with

Dr. Barsotti's statement, in which Dr. Barsotti acknowledged Plaintiff had worked over a

four-month period and missed an excessive number of shifts during this period. *See* AR

696.

      The Commissioner's brief appears to indicate that Dr. Barsotti's opinion was

based on Plaintiff's subjective complaints, but this was not a reason given by the ALJ for

rejecting the opinion. "Long-standing principles of administrative law require us to

review the ALJ's decision based on the reasoning and factual findings offered by the

ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947)).

**B. Whether New Evidence Submitted to the Appeals Council Undermines the ALJ's Decision**

Next, Plaintiff asserts that new evidence submitted to the Appeals Council after the ALJ's decision, a letter from his current primary care provider, Matthew Van Auken, M.D., was improperly excluded from consideration. Dkt. 20, pp. 10–12.

The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451–54 (9th Cir. 1993)). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *See Ramirez*, 8 F.3d at 1451–54; *see also Taylor*, 659 F.3d at 1232.

The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159–60 (9th Cir. 2012) (emphasis added); s*ee also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the

1   Secretary requests a remand before answering the complaint, or where new, material

2   evidence is adduced that was for good cause not presented *before the agency*")

3   (emphasis added) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501

4   U.S. 89, 99-100 (1991).

5          Here, the new evidence was an opinion from Plaintiff's primary care provider, Dr.

6   Van Auken, dated September 23, 2020. In that opinion, Dr. Van Auken indicated:

7   normal CT scans and physical examinations would not accurately measure the severity

8   of Plaintiff's myotonic muscular dystrophy symptoms; Plaintiff's apparent noncompliance

9   with his medication regime was actually a result of those symptoms ("[d]ifficulty

10  swallowing is one of the most prominent and common features of MMD. . ."[i]t is

11  challenging for him now. . . . I understand that his prescribing doctor, Dr. Degen, agreed

12  that it is fine for him not to take those medications in light of his swallowing issues"); and

13  Plaintiff could be expected to miss work, on average, at least two days per month in a

14  full-time job. AR 8. The Appeals Council found that this new evidence did not provide a

15  basis for changing the ALJ's decision, reasoning that it did not relate to the period at

16  issue because it was rendered after the ALJ's June 25, 2020 decision. AR 1–2.

17         Dr. Van Auken's letter does not, however, describe Plaintiff's functioning only at a

18  snapshot in time after the relevant period. Rather, Dr. Van Auken based his letter on his

19  treatment and observations of Plaintiff from March 2018 on, when Plaintiff transitioned

20  into Dr. Van Auken's care from Dr. Barsotti's. *See* AR 8, 491. Thus, the Commissioner's

21  finding that this opinion does not relate to the relevant period is inaccurate.

22         In addition, contrary to the Commissioner's brief on appeal, this evidence

23  undermines the ALJ's decision, as Dr. Van Auken indicated that CT and physical

24

25

examinations were largely irrelevant to the assessment of a functional condition caused

by a genetic anomaly. *See* Dkt. 21, p. 9; AR 8. Dr. Van Auken also indicated that

Plaintiff's apparent non-compliance with recommended treatment was caused by

Plaintiff's inability to swallow, a point ignored in the ALJ's decision but corroborated in

the medical evidence. *See* AR 8, 575, 673. Finally, the Commissioner offers no support

for the assertion that Dr. Van Auken's opinion was based entirely on information

provided by Plaintiff's counsel, rather than his own recorded observations. AR 8.

### 1. Harmless Error

An error is harmless only if it is not prejudicial to the claimant or "inconsequential"

to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*,

454 F.3d 1050, 1055 (9th Cir. 2006).

Here, the ALJ improperly discounted Dr. Barsotti's opinion in making an RFC

assessment. This RFC informed the ALJ's conclusion that Plaintiff was not disabled.

Further, the Appeals Council improperly disregarded evidence from Dr. Van Auken that,

if credited, would have further undermined the evidentiary support for the ALJ's

decision. Because these errors were of consequence to the ultimate determination of

disability, the errors were harmful.

### 2. Remedy

Plaintiff asks that, if this Court finds harmful error in the ALJ's decision, the case

be remanded for additional proceedings. Dkt. 20, p. 17. "'The decision whether to

remand a case for additional evidence, or simply to award benefits[,] is within the

discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting

*Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and

the record is uncertain and ambiguous, the court should remand to the agency for

further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *See, Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ commits error if they reject significant probative evidence, without explaining reasons for the rejection. *Flores v. Shalala,* 29 F.3d 562, 570-571 (9th Cir. 1995). Therefore, at step five, hypothetical questions posed by the ALJ to the vocational expert must include each of the claimant's physical and mental limitations as established by facts in the administrative record; the ALJ may not reject significant probative evidence – unless the ALJ's written decision gives reasons (based on substantial evidence) for disregarding particular evidence. *Id.*

Remand for additional proceedings is the appropriate remedy here. The ALJ erred in evaluating Dr. Barsotti's opinion, and new evidence submitted to the Appeals Council further undermines the ALJ's reasoning. The RFC is less restrictive than the limitations described by Dr. Barsotti and Dr. Van Auken. AR 29. The ALJ did not include the limitations found by Dr. Barsotti or Dr. Van Auken in the hypothetical questions to the vocational expert. AR 59-62. This case is remanded to the Social Security Administration for further administrative proceedings – the ALJ is directed to hold a new hearing, re-evaluate Dr. Barsotti's opinion, evaluate Dr. Van Auken's opinion, and take additional evidence and testimony as necessary.

1

CONCLUSION

2        Based on the foregoing discussion, the Court finds the ALJ erred when she

3 determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore

4 is REVERSED and this matter is REMANDED for further administrative proceedings.

5        Dated this 12th day of January, 2022.

6

7

8

                                            Theresa L. Fricke
9                                           United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25